United States District Court
Southern District of Texas
**ENTERED**
November 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEFINA GARZA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00168 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

On July 19, 2023, the District Court adopted the undersigned's Memorandum and Recommendation, granted Plaintiff Josefina Garza's motion for summary judgment, reversed the Commissioner of Social Security's determination that Garza was not disabled, and remanded to the Social Security Administration for further consideration of her application for benefits. (D.E. 16). Garza's counsel, Melissa Palmer, has now filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,928.76. (D.E. 17, 18). The Commissioner has responded, indicating that, following a discussion between the parties, they have reached an agreed EAJA fee in the amount of $7,533.36. (D.E. 19). For the reasons discussed further below, it is recommended that the motion (D.E. 17) be **GRANTED** as amended by the parties' agreement.

## I. BRIEFING

In her motion, Palmer seeks attorney's fees of $7,928.76 under the EAJA for a total of 37.6 hours of work between the underlying lawsuit and her preparation of the fee petition. (D.E. 18 at 3; D.E. 18-2 at 2-4). This is based on a rate of $224.12 per hour in 2021 and $232.20 per hour in 2022, plus $100 an hour for paralegal work. (D.E. 18 at 2).

The Commissioner responds that the parties conferred following Palmer's motion and reached an agreed EAJA fee of $7,533.36. (D.E. 19 at 1).

## II. APPLICABLE LAW

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses" that were incurred in any civil action brought against the United States, "including proceedings for judicial review of agency action," unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Attorney fees under the EAJA should not exceed $125 per hour worked, but increases to this amount are appropriate to account for increases in the cost of living. *Id.* § 2412(d)(2)(A). "By permitting cost-of-living increases [in the EAJA], Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with [the statutory figure], but no more." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). A litigant is entitled to attorney's fees for time spent preparing and litigating the fee issue itself. *Powell v. C.I.R.*, 891 F.2d 1167, 1170-71 (5th Cir. 1990).

EAJA awards are payable to the litigant rather than their attorney. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, the payments may nonetheless be remitted to the attorney in care of her client. *See id.* at 597-98.

## III.  ANALYSIS

The undersigned specifically concludes that Garza is the prevailing party, the position of the United States was not substantially justified, and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Moreover, the 37.6 hours spent by counsel, the cost-of-living adjustment, and the $7,533.36 in fees requested are appropriate and reasonable. In this case, the Commissioner opposed a remand, and Palmer fully briefed the issues and achieved a favorable result. (D.E. 11, 13, 14).

## IV.  RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 17) be **GRANTED** as amended by the parties' agreement and that an EAJA fee award of $7,533.36 be made payable to Plaintiff, Josefina Garza, and sent in care of her attorney, Melissa Palmer.

Respectfully submitted on November 6, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).